TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 86-403 |
| of | : | <u>JUNE 2, 1987</u> |
| JOHN K. VAN DE KAMP<br>Attorney General | : | |
| CLAYTON P. ROCHE<br>Deputy Attorney General | : | |

_____

THE STATE BOARD OF FORESTRY has requested an opinion on the following questions:

1. Does the Department of Forestry and Fire Prevention have authority to provide hazardous material cleanup, rescue, first aid, and emergency medical services where the emergency is not related to a fire, threat of fire, or to an emergency declared pursuant to the California Emergency Services Act?

2. To what extent is the Department of Forestry and Fire Prevention authorized to contract with a local fire jurisdiction (city, county or district) to provide the above enumerated services therein where the emergency is not related to a fire or threat of fire?

CONCLUSIONS

1. The Department of Forestry and Fire Protection has no authority to provide hazardous material cleanup, rescue, first aid, and emergency medical services

1

where the emergency is not related to a fire or threat of fire, or to an emergency declared pursuant to the California Emergency Services Act.

2.  The Department of Forestry and Fire Protection may contract with a county pursuant to sections 55640-55642 of the Government Code to provide "rescue and resuscitator" services throughout the county.  Otherwise, the Department has no authority to contract to provide the enumerated services within a local fire jurisdiction (city, county or district) where the emergency is not related to a fire or threat of fire.

ANALYSIS

1.  The Power Of The Department, If Any, To Render The Specified Emergency Services Absent A Fire Or Threat Of Fire.

The first question presented is whether the Department of Forestry and Fire Protection (hereinafter, "Department") may provide hazardous material cleanup, rescue, first aid, and emergency medical services where the emergency is not related to a fire or threat of fire, or to an emergency declared pursuant to the California Emergency Services Act (Gov. Code, § 8550 et seq.).[1]

> "[P]ublic officers . . . must keep within the limits of their power as prescribed by law." (*Irwin* v. *County of Yuba* (1898) 119 Cal. 686, 684, 690. "[A]ny act of an officer to be valid must find express authority in the law or be necessarily incidental to a power expressly granted." (*Bear River Etc. Corp.* v. *County of Placer* (1953) 118 Cal.App.2d 684, 690.) Accordingly, whether the Department may, through its director and its other officers and employees, provide the specified emergency services absent a fire or threat of fire, or absent an emergency declared pursuant to the Emergency Services Act, is to be determined from an examination of the statutes which confer powers and duties upon the Department and its officers and employees.

---

[1] In 64 Ops.Cal.Atty.Gen. 588 (1981) we concluded that the Department could provide rescue, first aid and emergency medical services in "state responsibility areas" (see Pub. Resources Code, §§ 4125-4128) where there was a fire or threat of fire as an incident to its fire protection and fire suppression powers and duties.

We further concluded that it could provide those services even absent a fire or threat of fire pursuant to an emergency declared pursuant to the Emergency Services Act.

The powers of the Department with respect to the rendition of "emergency services" are found in sections 4111 through 4114 of the Public Resources Code. An examination of these provisions discloses that such "emergency services" relate only to the prevention and suppression of fires.

Thus, section 4111 provides that the Board of Forestry "shall make and enforce such regulations as are necessary and proper for the organization, maintenance, government, and direction of the fire protective system for the prevention and suppression of forest fires. . . ." Section 4112 then requires the Department to "divide the state into a suitable and convenient number of administrative districts" and to "appoint a supervising forest officer for each district." Sections 4113 and 4114 then provide as follows:

Section 4113.

"The supervising forest officers shall, under the direction of the director, have charge of the firefighting system and men in such districts, and are charged with the duty of preventing and extinguishing forest fires and with the performance of such other duties as may be required by the director."

Section 4114.

"The department, in accordance with a plan approved by the board, shall do all of the following:

"(a) Provide fire prevention and firefighting implements and apparatus,

"(b) Organize fire crews and patrols,

"(c) Establish observation stations and other necessary structures,

"(d) Employ men to effect the plan,

3

"(e) Construct and maintain telephone lines and provide such other means of communication as are necessary to prevent and extinguish forest fires."[2]

It is thus seen that the Legislature has provided that the Department's mission is to provide firefighting and fire suppression services. There is nothing in these sections from which one might infer that the Department's mission goes any farther than this.

We do note that there are a number of provisions elsewhere in the codes which either require or encourage public safety personnel such as Department firefighters to become skilled in first aid and other emergency medical procedures. Those provisions also encourage personnel who have acquired such skills to use them. However, an examination of those provisions discloses that none of them purport to confer any new or additional powers on Department personnel with respect to providing rescue, first aid, or emergency medical services. Each provision is consistent with the notion that such services shall be provided only as an incident to the performance of the Department's basic duties of fire prevention and fire suppression.[3] In fact, this was the basic reason for our conclusions in our 1981 opinion (see footnote 1, ante) that the Department could provide first aid, rescue and emergency medical services where there was a fire or threat of fire - that is, that such services were a component of the Department's firefighting powers and duties.[4]

---

[2] Assembly Bill 713 introduced February 18, 1987, would add a subdivision to section 4114 to read: "Provide, where available, rescue, first aid, and other emergency services to the public in state responsibility areas."

[3] See. Health & Safety Code sections 1797.5, 1797.6, 1797.109, 1797.182, 1799.102, 1799.104, 1799.106, 1799.107 and 1799.108. See also Civil Code section 1714.2.

For example, section 1799.107 of the Health & Safety Code, enacted in 1984 (Stats. 1984, ch. 275) provides that "public entities and emergency rescue personnel should be encouraged to provide emergency [medical] services [and] [t]o that end, a qualified immunity from liability shall be provided for public entities and emergency rescue personnel providing emergency services." Department personnel would fall within the definition of "emergency rescue personnel." (Subdiv. (e).) However, the section specifically provides also that the immunity applies when "acting within the scope of their employment." (Subdiv. (b).) Nowhere does the section purport to expand their scope of employment or the nature of their duties.

[4] Any implication in our 1981 opinion that the Department has the power to provide its emergency medical services independent of its authority to prevent and extinguish forest fires, its authority under the California Emergency Services Act, or its authority to contract with a county for such services pursuant to Government Code sections 55640 et seq. is hereby disapproved.

4

Finally, as to question one, with the exception of Government Code sections 55640 et seq. (to be discussed, *post*), our research has disclosed no statutes either in the Public Resources Code, or elsewhere, which would empower the Department to provide the specified emergency medical services *or* hazardous material cleanups absent a fire or threat of fire, or an emergency declared pursuant to the Emergency Services Act.[5]

2. The Power, If Any, For The Department To Contract With Local Fire Jurisdictions To Provide The Specified Services Independent Of Fire Suppression.

The second question presented is to what extent the Department may contract with a local fire jurisdiction (city, county or district) to provide the specified emergency services therein, that is, hazardous material cleanup, rescue, first aid and emergency medical services, where the emergency is not related to a fire or threat of fire.

The only provisions of law our research has disclosed which would permit the Department to contract with a local fire jurisdiction to provide any of the specified emergency services independent of fire prevention or fire suppression are sections 55640-55642 of the Government Code.[6] These sections specifically provide that a board of supervisors may contract with the Department for the providing of "rescue and resuscitator" services throughout a county upon terms agreed upon. If such a contract is entered into, the Director of the Department has the same powers and duties within the county for providing "rescue and resuscitator" services as are provided by law for county officers. No fire or threat of fire is required as a predicate for such a contract.

---

[5] With respect to hazardous material cleanup, the main provisions of law we examined were those contained in the Health and Safety Code relating to Hazardous Waste Control (see § 25100 et seq.).

[6] Section 55640 provides:

"The board of supervisors of a county may provide rescue and resuscitator services throughout the county, and to this end the board may contract with the state, through the Department of Forestry, for the providing of those rescue and resuscitator services within the county by the Director of Forestry, his deputies, and assistants, including volunteer firefighters."

Section 55641 provides:

"When a contract has been made, the Director of Forestry may exercise the same powers and duties within the county for the providing of rescue and resuscitator services which by state or local law are conferred upon officers of the county."

5

86-403

These provisions are to be contrasted with the other specific provisions of law which empower the Department to enter into contracts with local agencies for the provision of services to those agencies. Section 4142 of the Public Resources Code authorizes the Department to enter into cooperative agreements for fire prevention and suppression within any county, city or district. Section 4144 of the Public Resources Code is another specific, additional provision whereby the Department may also enter into cooperative agreements with *counties* for fire prevention and suppression within the county. And finally, with respect to specific provisions, Government Code sections 55606-55609 additionally permit the Department to contract with a county to provide fire prevention and fire suppression services within the county. These special provisions would not, however, in any manner authorize the Department to contract to provide the specified emergency services where there was no fire or threat of fire. The contractual powers which are granted relate only to such situations. (See 64 Ops.Cal.Atty.Gen. 588 (1981), *supra*, at fn. 1.)

Finally on question two, the Joint Exercise of Powers Act should be mentioned. That act permits two public agencies to agree to perform jointly, or one for the other, any power they possess in common. (See Gov. Code, § 6500 et seq. and particularly, §§ 6502 & 6506.) However, the Joint Exercise of Powers Act does not confer any new or additional powers upon any public agency. (See *The City of Oakland* v. *Williams* (1940) 15 Cal.2d 542, 549.) Since the Department has no statutory power to provide any of the specified emergency services absent a fire or threat of fire, the Joint Exercise of Powers Act would provide no authority for the Department to contract with a local fire jurisdiction to provide those services independent of fire prevention or fire suppression.[7]

Accordingly, on question two, we conclude that the Department may contract with a county pursuant to sections 55640-55642 of the Government Code to provide "rescue and resuscitator" services throughout the county. Otherwise, the Department may not contract with a local fire jurisdiction to provide hazardous material cleanup, rescue, first aid and emergency medical services therein where the emergency is not related to a fire or threat of fire.

*****

---

[7] See sections 6502.7 of the Joint Exercise of Powers Act, enacted in 1986, relating to contracts for hazardous materials controls, but as declarative of existing law. Accordingly, such section also would grant no new powers.

6